Elekta Limited v. ZAP Surgical Systems, Inc. Attorney Nall, did I pronounce your name correctly? You did, Your Honor. You have reserved three minutes of your time for rebuttal. Is that correct? Yes, Your Honor. All right, you may proceed. Thank you. May it please the Court, Jennifer LeBrock Nall for Appellant Patent Owner, Elekta. There are two main issues before the Court today. First, reasonable expectation of success and second, motivation to combine. I'll begin with reasonable expectation of success. It is undisputed that the final written decision does not expressly address reasonable expectation of success. That is an error as a matter of law that requires this Court at a minimum. Counselor, is this really a reasonable expectation of success case? Or is it just simply the combination? Your Honor, it is a reasonable expectation of success. I say that because normally, not all the time, but normally those type of cases involve an infinite group of results or that can emanate from a particular experiment or a combination. A combination can result maybe in a whole host of chemical salts. But here, you're just simply arguing that it's  not the way that most of the prior would operate. Your Honor, I respectfully disagree. Here, the claims require treatment. The patent's title is about treatment. The specification is all about treatment. The preamble requires that the ionizing radiation be used for treatment. It provides antecedent basis for limitations in the claim. And what we know is that Petitioner's expert testified that he had no opinion. He was unqualified to testify about treatment. He said in the appendix at his deposition at 3499, quote, I'm not a medical physicist. I'm not considering treatment. When you say that, claim one says it's a device. Isn't this an apparatus case? Your Honor, there's an apparatus claim and a method claim at issue here. However, even with the apparatus, there is no testimony that this treatment using ionizing radiation is predictable. In fact, their expert, Petitioner's expert said that he couldn't consider treatment because he's not a medical physicist. I thought your reasonable expectation of success argument was that the line act would be too heavy and that it would fall, the arm would break. So isn't that your reasonable expectation of success argument and didn't the board address it? Well, it didn't use the language reasonable expectation of success. It did talk about the argument itself about the weight of the line act. Your Honor, there's more than evidence on the weight of the line act. For sure, the weight of the line act. There's more below, before the board. What was your reasonable expectation of success? What did you argue resulted in there not being a reasonable expectation of success? Your Honor, below the evidence about reasonable expectation of success is in the appendix at 3371 through 3375. The board collected the evidence on appendix page 30 through 32 and appendix page 35. Well, your argument seems to be that the board didn't address reasonable expectation of success. So I'm just asking you what specifically was your argument on reasonable expectation of success? Because when I looked at the record, I didn't see that it was a lengthy argument. It was rather short, in fact. Your Honor, the evidence on that there would be no reasonable expectation of success, the proposed combination wouldn't work for treatment, included the evidence of Dr. Sedley regarding the orders of magnitude difference in the energies of the radiation, the fan-shaped beam of an X-ray tube versus the narrow beams of a treatment using ionizing radiation, the difficulty in accommodating heavy line acts, though your Honor is right that the board did address the difficulty on heavy line acts. What it doesn't say is what the difference between X-ray tubes is versus ionizing radiation treatment devices. The only place where I saw there was a reasonable expectation of success argument presented by the patent owner was at page JA3887. Do you think that there are some other places? I'm looking at the patent owner's response. Specifically, to see what was argued to the board. Because it's really hard to say that the board erred on something if it wasn't argued to the board in the first place. And so what I see on page JA3887 is an argument directed to the ability of the heavy structure of the line act. Your Honor, the evidence is also at 3887. It says that a posito would not have expected the structure to be a viable solution for focusing the therapeutic radiation source on the target, which was the stated goal of the invention of the 648 patent. The test for reasonable expectation of success is whether or not the proposed combination would work for the intended purpose. So that sentence was also about reasonable expectation of success. At 3886. The board did make a finding that this would work, that the combination would work. Your Honor, the board made a finding that the combination... Your argument is that the board did not, and I'm looking at your brief on page 17, where you say the board failed to address whether Steele-Artisan would have had reasonable expectation of success. That's really your argument on appeal, isn't it? That is one of the arguments on reasonable expectation of success, yes, Your Honor. So the question is, to what extent does a board have to address or expressly make a lengthy statement concerning expectation of success? We have case law that says that, for example, KSR that says that it's not required for it to be an explicit statement of a reasonable expectation of success in every case. So we've already ruled on this particular issue that you're arguing. Your Honor, KSR was not about the review under the APA. This court in Alacrotec, in Inri Van Os, in Inri Nuvasiv, in OSI, all stated that under the APA, what is required is a express analysis that allows for this court to do a meaningful review. And what was not addressed by the final written decision was whether or not a person of ordinary skill in the art had any expectation that this proposed combination could be used for treatment. There's no evidence that treatment is predictable. To the extent that's true, it seems like it's because the way the parties argued reasonable expectation of success was kind of subsumed and blended into the motivation to combine. Wouldn't you agree with that? No, Your Honor, I do not agree with that because Pat and Oner did expressly argue... Well, other than 3887, where did you expressly argue reasonable expectation of success is not here in a way separate from your motivation to combine argument? Your Honor, it was at 3886 through 3887 that it was expressly addressed. So first of all, is it just those two pages in all of the briefing? Those are the two pages that address reasonable expectation of success, yes, Your Honor. All right, so help me with this. You tell us in the blue brief at 22 that Zapp, your friends on the other side, did discuss reasonable expectation of success. You say in only one filing, the reply to the patent's owner's response to the petition. Is it right? Yes, Your Honor. So when I go and look at the pages you cited, you cite all of 281 to 316 of the appendix, but when I look through there, the only place where they seem to mention reasonable expectation of success is on page 310. And 310 is under a section about motivation to combine. Is there anywhere that Zapp expressly talks about reasonable expectation of success separate and apart from motivation to combine? No, Your Honor. In fact, Zapp's petition doesn't mention reasonable expectation of success at all. So doesn't that just prove my point that both parties presented this case to the Board as reasonable expectation of success was just subsumed within motivation to combine? No, Your Honor. I don't believe that patent owner did present it as subsumed. Patent owner said that there is no reasonable expectation that this proposed combination would work for treatment. That is a major theme of both the Steadley Declaration and those two pages in the patent owner response. Which part of the Steadley Declaration would we find that? It's in 3371 through 3375, Your Honor. And you think that discussion was separate and apart and not subsumed or overlapping Steadley's motivation to combine discussion? Your Honor, the two are very related and I can't say that it did not also address motivation to combine. However, there were definite statements in those sections that a person of ordinary skill in the art, a medical physicist, would have had no expectation that the proposed combination would work for treatment. And so even though some of those statements probably also address motivation to combine, they do address reasonable expectation of success. And it was petitioner's burden to show that there was a reasonable expectation of success below. And petitioner put forward no evidence to show a reasonable expectation of success. Um... It's not your argument that the board failed to make any analysis whatsoever concerning whether the combination would work. That is not the argument, Your Honor. The argument is that... There was argument as to... And the board did analyze whether the combination would work. Yes, Your Honor, the board did say the proposed combination would work. But the board didn't analyze whether or not a person of ordinary skill in the art, without hindsight, knowing what is in the 648 patent, would have known taking Grady, which is an x-ray imaging stand with an x-ray tube, would work if you modify it to provide an ionizing radiation treatment source. Did you make those arguments to the board? Yes, Your Honor. Why do you say the board didn't hear the arguments or didn't consider them? The board is required to do an express analysis and provide a basis for this court to do a reasoned review. That kind of takes us back to the point. That's really your argument here, that the board failed to make a sufficient statement as to reasonable expectation of success. Your Honor, yes, but also the board is unable to make a sufficient statement because there was no evidence other than patent owner's evidence regarding reasonable expectation of success. If we were to find that the board did consider reasonable expectation of success when it considered whether the combination would work, and it heard the arguments that you say now are based on reasonable expectation of success, but the board entertained and heard those arguments on the basis of combination, then we would have a situation where the reasonable expectation of success is inherent in the decision of the board with respect to combination, or implicit rather, not inherent. Your Honor, substantial evidence does not support a finding that the treatment is inherent in the proposed combination, and this court shouldn't do that in ab initio without any direction from the board. But if you look at the petitioner's expert, he is a mechanical engineer, and he said he could not, it is not inherent, he couldn't testify about treatment. At 3499, he says he is, those statements, he is unqualified as a mechanical engineer to testify about treatment. He had to look to a medical physicist. Treatment is not inherent or implied in the combination, and a person of ordinary skill and art looking at Grady and putting a ionizing radiation device on it would not know, the only evidence of record is that they would not have any expectation that that would work. That the differences in both the structure, the weight and the fan size, and the efficacy and precision in pretreatment planning, all of this is detailed, collected by the board at 35 where they analyze whether or not that evidence would have dissuaded somebody from doing the motivation to combine, but that evidence is, that is not the burden to show reasonable expectation of its success, it's whether with all of that evidence, the only evidence of record about reasonable expectation of success, whether a person of ordinary skill and the art would have expected it to work. Okay. You're into your rebuttal time, and I'll restore you back to three minutes, okay? Thank you, sir. Unless you want to use up your time now. Thank you so much, Your Honor. All right. Can I ask you? Good morning, Your Honor. May it please the Court, April Isaacson on behalf of APALE. This was a clear, well-reasoned decision by the board. A 72-page decision with a large record underneath that was a very comprehensive record that contained all arguments considering both petitioner's arguments and patent owner's arguments. And within the four corners of that, they considered a person of skill and the art. So I agree with Your Honors in terms of the motivation to combine, but also when you look at the definition of a person of skill and the art, it's a mechanical engineer. The board found that it would be a sturdy structure that's actually the scope of the claims. The scope of the claims doesn't require a particular type of treatment, doesn't require a particular type of linear accelerator, it doesn't require a particular type of precision either. So if you look at the Grady reference where we talked about, it has everything that you would need in terms of the prior art except the linear accelerator. And my friend here, even through the great grief, is talking about this debunked idea  The board found that that was not indeed the case. Can I ask you, one thing that was said was that, I guess, suggesting that our case law in Merck doesn't apply in a situation involving the board where the APA applies. There needs to be a express statement regarding reasonable expectation of success. What is your response to that? I'd say Merck is directly on point here, Your Honor, and it actually goes to the point raised earlier about predictable arts versus unpredictable arts. But why doesn't the APA somehow displace Merck? Merck says you don't have to have an express statement on reasonable expectation of success. And the APA, though, says, with respect to the board, there needs to be very clear what their reasoning is. So how would you respond specifically to that question? With regard to, for example, the Alacrotec case, that was one where they talked about whether or not the board did inappropriate analysis. And in that case, it said the board's obligated to provide administrative records showing the evidence, which was done here. They don't require perfect explanation, but will uphold a decision of less than ideal clarity if it fits the agency path and it can discern. So in this case, that's why I mentioned earlier, it's clear, well-reasoned, so it doesn't fall within Alacrotec not having that information that would be required for this court to uphold the board's decision. It was well-reasoned. They also, in that case, misrepresented a particular combination in terms of motivation to combine as well. We said in Eli Lilly that a finding by the board that a patent challenger has demonstrated a motivation to combine references does not necessarily imply that you've also shown the reasonable expectation of success. That's governing on us as well, correct? Yes, Your Honor. So why here would we hold that the finding, which was explicit about motivation to combine, also implied a finding of reasonable expectation of success? So this case is about the mechanical arts, which is predictable, much more predictable in terms of the Eli Lilly case. As we all know, within the pharmaceutical and chemical arts, it's unpredictable. In that case, for example, they didn't know they would be able to go through the blunt brain barrier, and it was a migraine medication. So we're talking about an area of art where it's highly unpredictable. So the reasonable expectation of success concept becomes much more important. And the same thing even with the Merck case, which said it doesn't need to be implicit. That was also a pharmaceutical case. But they still found that having explicitly said the motivation to combine was enough and implicitly having the reasonable expectation of success was sufficient. But what about here? The burden was on you to show reasonable expectation of success. What evidence do we have that would satisfy that? If you look at the record as a whole, for example, in appendix 35, it talks about Professor McCarthy and his declaration. And he's a mechanical engineer talking about a person of skill in the arts, and it cites to his declaration that's at appendix 1342-43, talking about the weight of the linear accelerator, what a person of skill in the art would be, that they would know that these lightweight linear accelerators... What about the reasonable expectation of success with respect to treatment? That seems to be the focus today of where you purportedly failed to meet your burden. But it's really not about treatment. The claims do have a treatment element to them, but it's not for a specific type of treatment. This is really about a mechanical device and a sturdy mechanical device, as the board found. So taking one device that was known in the art that contains all of the claim limitations, and then simply adding onto it a linear accelerator that a person of skill in the art that's a mechanical engineer would know could structurally be done. And the Rucola reference has not only a linear accelerator, it also has use of it for treatment, as well as imaging. So that, in terms of the motivation combined, those two references. The person of skill in the art here doesn't need to understand the treatment or be a physician. As a matter of fact, the board, in the record below, determined that they didn't find credible the arguments of patent owners' experts in terms of their declarations and deposition testimony because they weren't someone who was a mechanical engineer and would understand how these two references, for example, could be combined. To affirm the board, do we have to find that there was sufficient evidence to support a finding that a person of skill in the art would have had a reasonable expectation that they could combine these references and succeed for the purposes of treatment? Wouldn't have to be, no, Your Honor. We don't have to find such evidence? No, Your Honor. You don't have to find such evidence that they would succeed in treatment. No, that they would reasonably expect they could succeed. Do we have to find that evidence? I would say that you would be... that you can reasonably... the reasonable expectation of being able to combine the two references and be able to use them in terms of the mechanical device that could be used for treatment. Not necessarily that it would be successful for whatever treatment because it doesn't specifically say what kind of treatment you would have to have. But in the way you articulated it, you did have that burden and we would have to find substantial evidence to support that, correct? I don't necessarily agree with that, Your Honor. Okay. Well, which part do you disagree with? You did not have a burden to show reasonable expectation of success with respect to the ability to perform some treatment here? Well, some treatment... and I would say if you look to the board's decision, and they cite very heavily to Mr. Asimov's declaration, and that's where he talks about... he actually works with these types of devices and works in combination with not only physicians but others within the field so that they can actually make a device that would work for treatment. And he talks about, in the context of a person of skill in the art, that it would be simple, easy, straightforward to actually make this type of device. And he's worked on those types of devices himself. It sounds like you're identifying substantial evidence to support reasonable expectation of success, the kind of evidence that Judge Stark was asking about. Am I misunderstanding something? Yeah, I may have just misunderstood the question slightly. I think the question, as I understood it, was whether you had the burden... whether we should be looking for substantial evidence to support a reasonable expectation of success here. And as the appellant seems to be arguing reasonable expectation of success, I don't understand why the answer is not yes. The answer is yes. Perhaps I got to it in a roundabout way. The answer is yes. As I said before, this is a mechanical device.  It doesn't require a particular type of treatment. And there's something also that goes throughout the grave reef. There's this false narrative that there's a heavyweight linear accelerator that would not motivate the combination of the two. But even their own experts admitted that lightweight linear accelerators existed at the time. And the board specifically found that the evidence below, that was a very thorough record, supported that there was lightweight linear accelerators. So I don't... From our perspective, they continue this false narrative that there was this heavyweight that would dissuade the motivation to combine. Do you ask us to read the board's finding that a person of skill and the art would not have been dissuaded from this combination as at least implicitly a finding about reasonable expectation of success? Yes, Your Honor, because the board very carefully determined the petitioner's arguments, plaintiff owner's arguments. And one of their arguments was the heavyweight would dissuade. And that was debunked, that there was a heavyweight linear accelerator that was all that was available at that time of 2000. So I look at that as another thing in terms of the gram factors of talking about the indicia of non-obviousness and looking at dissuading as something that they found was not persuasive. And they did not agree with or find credible... So why does dissuading not just go to motivation to combine? How does it also go to reasonable expectation of success? Well, it goes to the reasonable expectation of success in the sense that... I know that Your Honors had said earlier that the motivation to combine and reasonable expectations of success were kind of argued together here. But I would say that in addition to that, in terms of the dissuading, there's also, as I mentioned before, Mr. Asimov's declaration where he is one of skill in the art that makes these types of devices. And within the person of skill in the art section, he talked about how it would be easy to do this simple, very straightforward. So that very much debunks anything where they say you would be dissuaded from doing that. And although it's in the person of skill in the art section, it's still talking about things that are really going to reasonable expectation of success. It's saying it would be simple, easy, straightforward. Someone within the mechanical arts would know how to do it. Shouldn't the board have made that statement? Say that again, Your Honor? Shouldn't the board have made that statement that you're making now? Well, ideally, that would have been wonderful. However, it was implied as opposed to explicit. But they did cite in their decision, like I said, that was very clear and well-reasoned, they cited to Mr. Asimov's declaration where he went through all of this, and it happened to be in the person of skill in the art section. But they did cite to it, so that is in terms of it being implicit, which goes along the lines of the Merck case. Does the board have an affirmative obligation to make a distinct, clear, concise statement on reasonable expectation? No, Your Honor, not according to the Merck case, and even with KSR. Did they get away with not saying anything? When you say not saying anything... Right, making no statement at all? Well, under Merck, there was no statement at all, and they found that it was sufficient. And as I said before, that was within the pharmaceutical arts as opposed to the more predictable mechanical arts. So the Merck decision, which is obviously for us in terms of the precedent, says that it's not required to have an explicit statement in terms of reasonable expectation of success. But the argument of reasonable expectation of success must be addressed, even though the opinion doesn't use the magic words reasonable expectation of success, right? Correct, yes. The words don't have to be there, but at least the analysis was there. And as I said before, there was robust analysis looking at both sides, and also weighing the credibility of the different experts in terms of their declarations as well as their testimony. And that was cited to by the board, and that laid out by a person of skill in the art that this would be easy, simple, straightforward to do. I'll welcome any additional questions. Thank you for your arguments. Okay, thank you very much. I yield the remainder of my time. Counsel, we're going to restore you to three minutes. Thank you, Your Honor. One thing that my colleague said was that these claims are not about treatment. However, the whole combination is modifying Grady, which is an X-ray imaging device, to change this relatively safe X-ray tube to an extraordinarily dangerous ionizing radiation tube. The only reason anybody would ever modify a simple, easy, not dangerous device to add an extraordinarily dangerous device is if it is all about treatment. Well, the other side says that that was debunked. The weight, the problem with the weight, that the combination would result in a weight problem. Your Honor, the board did address whether or not there was an extraordinarily heavy line act, as was mentioned in the specification, and that there were lighter weight line acts in the art at the time. But there's no evidence about what the difference is between an X-ray tube's weight and a lightweight line act's weight. There's still very different... Is the weight... Is your argument that that renders a combination inoperable? Your Honor, the argument is that a person of ordinary skill in the art looking at Grady and thinking about combining it with a line act would not have an expectation that it would work for treatment. Even their expert, Dr. Asimov... A person of ordinary skill in the art is not an automaton. And the board talked about that as well and said, you know, there could be other additional modifications made to the reference in order to accommodate the heavier weight of the line act. Why isn't that addressing your argument about reasonable expectation here? Your Honor, there was no evidence below that a person of ordinary skill in the art would have had any other thoughts about that this proposed combination could work for treatment. All we know is that mechanical engineers are not able to opine about treatment, and medical physicists say this would not have worked. Treatment is not predictable. There's no evidence of record that it's predictable and that this would have worked. The counsel brought up their expert, Dr. Asimov, and said that he said it was simple. But if you look at his declaration, he didn't say it was simple. He said he'd have to consult doctors and medical physicists about treatment, and that would be easy, to talk to somebody else. But what is not in the record is any doctor or medical physicist saying that this, at the time, a person of ordinary skill in the art, would have expected this to work. Because it wasn't... There's no expectation. The only evidence is that it wouldn't have worked, that the expectation is that it would not have worked. Your Honor, you asked about Merck, and Alacratech was brought up, that the board is not required to provide perfect explanations in their... Oh, I see, I'm out of time. You can finish your talk. Thank you, Your Honor. The board is not required to provide perfect explanations as to each element, but here it is a disputed issue that was raised in Pat Noonan's response. The petitioner had the burden. It's a key issue, and it was required to be addressed in the final written decision. And respectfully, the appellant requests this court vacate in remand or reverse. Thank you, Your Honor. Thank you. We thank the parties for their arguments. This case will be taken under advisement.